**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| Archie LaVallie, Jr., ) | |
| ) | **ORDER GRANTING DEFENDANT'S** |
| Plaintiff, ) | **MOTION TO DISMISS AND** |
| ) | **DENYING PLAINTIFF'S PETITION** |
| vs. ) | **FOR HABEAS CORPUS RELIEF** |
| ) | |
| Turtle Mountain Tribal Court, ) | |
| Beverly May, Tribal Judge, and ) | |
| Marty Delorme, Chief Correctional Officer, ) | Case No. 4:06-cv-009 |
| ) | |
| Defendants. ) | |

Before the Court is defendant Beverly May's Motion to Dismiss for Failure to Exhaust Tribal Court Remedies filed on March 9, 2006. For the following reasons, the Court grants the motion and denies the Plaintiff's Petition for Habeas Corpus Relief.

**I.   BACKGROUND**

On September 2, 2005, the plaintiff, Archie LaVallie Jr., appeared in Turtle Mountain Tribal Court in Belcourt, North Dakota, on charges of "Kidnaping, Criminal Terrorizing, Criminal Threats & Intimidation, Threats & Intimidation (12th) under the Domestic Violence Code, Terrorizing (11th) under the Domestic Violence Code and Destruction of Property (10th offense), under the Domestic Violence Code." See Defendant's Brief in Support of Motion to Dismiss, p. 1. LaVallie entered a plea of guilty on each charge. LaVallie was sentenced to six (6) months in jail, two (2) years probation, required to attend anger management classes, and required to undergo an alcohol

evaluation upon release.[1] LaVallie was assessed $1,500 in fines, $150 in court costs, $150 VOCA fees, and $150 in probationary fees.

During his incarceration, LaVallie was given several weekend passes which allowed him to leave the facility on a short-term basis to take care of personal matters. On one occasion, LaVallie failed to return as scheduled and was sentenced to an additional forty-five (45) days in jail to run concurrent with the six (6) months sentence. LaVallie was released on December 4, 2005.

In his plea agreement, LaVallie agreed to repay the balance of his fines, court costs, VOCA fees, and probationary fees upon release. LaVallie also agreed to enroll in anger management classes and undergo a drug and alcohol evaluation. Failure to comply with any of these conditions would result in LaVallie being charged with contempt of court for non-compliance. Such a charge would also subject him to additional fines and a forty-five (45) day jail sentence, as well as re-imposition of the 111 days suspended on the original sentence.

On December 15, 2005, LaVallie entered into an agreement to pay his fines which totaled $1,350. As an alternative, LaVallie could perform 225 hours of community service. LaVallie made no payments and performed no community service. LaVallie also failed to appear at a scheduled drug and alcohol evaluation, and failed to attend anger management classes. As a result, on January 31, 2006, the Probation Department filed a petition for revocation of probation conditions and a warrant was issued for LaVallie's arrest. He was arrested on February 1, 2006.

On February 3, 2006, LaVallie appeared in Turtle Mountain Tribal Court for a revocation hearing. LaVallie was charged with two counts of violating the conditions of his probation. As to

---

[1] It also appears that 111 days was suspended on the original sentence.

count one, the Court ordered LaVallie to pay fines in the amount of $1,350, or alternatively, sit in jail at a rate of $10 per day for a total of 135 days. The Court also ordered LaVallie to pay $150 in court costs, $150 in VOCA fees, and $150 in probationary fees. Finally, the Court ordered LaVallie to undergo a drug and alcohol evaluation and attend anger management classes.

As to count two, the Court ordered Lavallie to pay fines in the amount of $50, or alternatively, to sit in jail at a rate of $10 per day for a total of five (5) days. The Court also ordered Lavallie to pay $25 in court costs, $25 in VOCA fees, and $25 in probationary fees. The total amounts for counts one and two were 140 days in jail, $1400 in fines, and $525 in fees.

LaVallie is currently in custody at the Turtle Mountain Tribal Court, in Belcourt, North Dakota, serving a 140-day sentence. At the time of briefing, LaVallie had served approximately thirty-five (35) days in jail, equating to $350 toward his fines. The remaining 100 days, or $1000 in fines has yet to paid, as well as $525 in fees.

On February 17, 2006, LaVallie filed a pro se petition for habeas corpus relief. Although not cited, the petition is presumably filed pursuant to Section 1303 of the Indian Civil Rights Act codified at 25 U.S.C. § 1303. LaVallie is challenging his detention on the grounds that he did not admit or plead guilty to the alleged probation violations and he was not physically present at the sentencing hearing.

## II.  LEGAL DISCUSSION

Section 1303 of the Indian Civil Rights Act provides: "The privilege of the writ of habeas corpus shall be available to any person in a court of the United States to test the legality of his

detention by order of an Indian tribe." 25 U.S.C. § 1303. The Eighth Circuit has held that "as a matter of comity . . . tribal remedies must ordinarily be exhausted before a claim is asserted in federal court under the Indian Civil Rights Act." Necklace v. Tribal Court of Three Affiliated Tribes, 554 F.2d 845, 846 (8th Cir. 1977) (citing Rosebud Sioux Tribe of South Dakota v. Driving Hawk, 534 F.2d 98, 101 (8th Cir. 1976); Janis v. Wilson, 521 F.2d 724, 726-27 (8th Cir. 1975); O'Neal v. Cheyenne River Sioux Tribe, 482 F.2d 1140, 1144-48 (8th Cir. 1973)); see Selam v. Warm Springs Tribal Correctional Facility, 134 F.3d 948, 953 (9th Cir. 1998) (explaining the need for tribal exhaustion prior to seeking habeas corpus relief under Section 1303); Wetsit v. Stafne, 44 F.3d 823, 826 (9th Cir. 1995); Donnell v. Red Lake Tribe, No. 04-5086JNEJGL, 2005 WL 2250767, *3-4 (D. Minn. Sep. 13, 2005) (same); Quair v. Sisco, 359 F. Supp.2d 948, 971 (E.D. Cal. 2004) (same); Lyda v. Tah-Bone, 962 F. Supp. 1434, 1435, 36 (D. Utah 1997) (same). In the past, this Court has followed that pronouncement requiring exhaustion of tribal remedies prior to seeking habeas corpus relief under Section 1303. See Gillette v. Marcellais, No. A4-04-123, 2004 WL 2677268 (D. N.D. 2004).

The rule of exhaustion is not an inflexible one. Necklace v. Tribal Court of Three Affiliated Tribes, 554 F.2d 845, 846 (8th Cir. 1977). As stated by the Eighth Circuit, "[a] balancing process is evident; that is weighing the need to preserve the cultural identity of the tribe by strengthening the authority of the tribal courts, against the need to immediately adjudicate alleged deprivations of individual rights." Id. (quoting O'Neal v. Cheyenne River Sioux Tribe, 482 F.2d 1140, 1146 (8th Cir. 1973)). To that end, the United States Supreme Court has held that exhaustion of tribal remedies may not required when "where an assertion of tribal jurisdiction 'is motivated by a desire

to harass or is conducted in bad faith,' or where the action is patently violative of express jurisdictional prohibitions, or where exhaustion would be futile because of the lack of an adequate opportunity to challenge the court's jurisdiction." National Farmers Union Ins. Cos. v. Crow Tribe, 471 U.S. 845, 857 n.21 (1985) (quoting Juidice v. Vail, 430 U.S. 327, 338 (1977)).

Without reaching the merits of LaVallie's habeas corpus petition, the Court finds that it is not ripe for review. The Turtle Mountain Tribal Court in Belcourt, North Dakota, is a court of general jurisdiction with the availability of appellate review from the Tribal Court of Appeals. It is undisputed that LaVallie has not sought relief from the Tribal Court of Appeals. In fact, LaVallie concedes in his motion that he was not even aware of the Tribal Court of Appeals. The Eighth Circuit has expressly held that exhaustion of tribal remedies is required prior to the filing of a habeas corpus petition under 25 U.S.C. § 1303. While there are exceptions to that general rule of law, the Court finds that none of the exceptions are applicable in this case. The policies of tribal self-government and self determination are best served by requiring LaVallie to exhaust the available tribal remedies in this case. See National Farmers Union Ins. Cos. v. Crow Tribe, 471 U.S. 845, 856 (1985).

### III.   CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss for Failure to Exhaust Tribal Court Remedies is **GRANTED**. (Docket No. 4).

**IT IS SO ORDERED.**

Dated this 18th day of April, 2006.

/s/ Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court